## No. 3418.

### W. S. PIKE, Assignee *v.* MERCHANTS' MUTUAL INSURANCE COMPANY.

On the twenty-first of April, 1868, the plaintiff wrote to Pemberton, president of the Merchants' Mutual Insurance Company, a letter to effect a policy on the steamer Texas. In that letter he said : "By agreement with Darden, he (Darden) was to insure the steamer and to transfer policy to me to the extent of $5000. Darden effected insurance, failed to pay for the policy, say, $957 75, which I paid myself. Darden has since fraudulently sold his interest in the steamer as acquired from me, and she is now in the hands of the United States Marshal for debts contracted since sale and will be sold to morrow. As I have paid for the policy and have now identically the same interest in the steamer that I had when the policy was taken, I desire to have the policy continued to the time of its expiration for the interest transferred to me, say, $5000." The policy referred to was to run to the twenty-fifth of November, 1868. On the twenty-third of September of the same year the vessel was totally lost by a peril insured against.

It appears that on the twenty-third of April, Pemberton had acknowledged receipt of plaintiff's letter of the twenty-first of the same month and said in a postcript : "The risk on steamer Texas, to continue in force under the clauses and conditions of policy No. 2500. But in the meantime, on the twenty-second of April, during the interval elapsing between the date of plaintiff's letter and that of Pemberton's answer, the vessel, in accordance with admiralty proceedings, had been sold, and the proceeds were distributed in a *concurso* of claimants. Under such circumstances, the answer of Pemberton had not the effect of continuing the insurable interest of the plaintiff, whose privilege and interest had been divested by the marshal's sale.

Such a defense is not precluded by the doctrine of estoppel. The letter of Pemberton did not change plaintiff's rights, or cause him to act so as to alter his previous position. It did not create a right or confer one which did not previously exist. It simply proposed to continue such rights as the plaintiff had under the policy. But, after the marshal's sale, the plaintiff could have no right under that policy. His interest was transferred from the vessel to the proceeds. No new contract of insurance was made; no new or additional premium paid. The parties were simply mistaken as to the continued existence of plaintiff's insurable interest.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Hays & New,* for plaintiff and appellant. *A. Voorhies,* for defendant and appellee.

HOWELL, J. The first important question in this case is, whether or not the plaintiff has an insurable interest in the property lost. He asserts it to be shown by the following correspondence :

"NEW ORLEANS, April 21, 1868.

"John Pemberton, Esq., President :

"DEAR SIR—As assignee of the creditors of Hawes & Bowen, I sold their interest in the steamer Texas to J. C. Darden, a member of the firm of C. Turner & Co., for the sum of $10,000, payable as follows: cash $5000, and Darden's three drafts on and accepted by Messrs. J. C. Turner & Co., each for $1666 66, payable in one, two and three months from date, with vendor's privilege on the steamer until final payment. The acceptances of J. C. Turner & Co., as they matured, were protested and were unpaid. By agreement with Darden, he was to insure the steamer and was to transfer policy to me, to the extent of $5000. Darden effected insurance, failed to pay for the policy, say $957 75, which I paid myself.

"Darden has since fraudulently sold his interest in the steamer as acquired from me and she is now in the hands of the United States Marshal for debts contracted since sale and will be sold to-morrow. As I have paid for the policy and have now identically the same interest in the steamer that I had when the policy was taken, I desire to have the policy continued to the term of its expiration for the interest transferred to me, say $5000.

" Respectfully your obedient servant,

" WM. S. PIKE, Assignee."

To which Pemberton replied :

" Office of the Merchants' Mutual Ins. Co.

" No. 104 Canal street.

" NEW ORLEANS, April 23, 1868.

" Wm. S. Pike, Esq., New Orleans :

" I am in receipt of your letter twenty-first instant, referring to insurance on steamer Texas. The contents of your letter are duly noted.

" Respectfully your obedient servant,

" JOHN PEMBERTON, President."

" P. S.—The risk on steamer Texas to continue in force under the clauses and conditions of policy No. 2500.

" JOHN PEMBERTON, President."

The premium was paid before the institution of the proceedings in admiralty and none has since been paid or tendered. The vessel was sold in said proceedings on the twenty-second of April, and the proceeds distributed in a *concurso* of claimants. The vessel was totally lost on twenty-third September, 1868, by a peril insured against. The policy referred to in the correspondence, was to run to the twenty-fifth November, 1868.

Did the letter of Pemberton have the effect of continuing the insurable interest of the plaintiff? We think not.

The marshal's sale divested the privilege and interest of plaintiff. R. C. C. 3239, 3240. But he contends that the doctrine of *estoppel in pais* precludes the defendant from making such a defense. This is an error. " The rule of law is clear, that when one, by his own words or conduct, willfully causes another to believe the existence of a certain state of things and induces him to act on that belief so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the time." 6 A. and E. 469.

" The estoppel is allowed to prevent fraud and injustice, and exists whenever a party can not in good conscience gainsay his own acts or assertions." 3 Hill, 225.

The letter of Pemberton had no such effect. It did not change plaintiff's rights or cause him to act so as to alter his previous position. It

did not create a right or confer one which did not before exist. It simply proposed to continue such rights as the plaintiff had under the policy. But after the sale by the marshal, plaintiff could have no rights under that policy, as the sale divested all interest which he had in or to the vessel and transferred it to the proceeds. No new contract of insurance was made between plaintiff and defendants—no new or additional premium paid. The parties were simply mistaken as to the continued existence of plaintiff's insurable interest after the marshal's sale. The letter of defendants having been written and received after the said sale, it can not be justly considered that plaintiff's acts or rights in reference to the protection of his interests, were affected or influenced by said letter.

Judgment affirmed.